**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TERRANCE WASHINGTON,**

    **Petitioner,**

**v.**                                                       **Case No. 4:20cv498-MW/MAF**

**MARK INCH,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about October 8, 2020, Petitioner Terrance Washington, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 18, 2021, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 10. Petitioner has not filed a reply, although he had the opportunity to do so. *See* ECF No. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases.

## **Procedural Background**

Petitioner Terrance Washington indicates he challenges his conviction and sentence entered May 9, 2018, by the Second Judicial Circuit, Leon County, Florida, following a jury trial in case number 2017-CF-1574A on the charge of sexual battery on a child under twelve years old by a defendant eighteen years old or older, a capital felony, in violation of section 794.011(2)(a), Florida Statutes (2016). ECF No. 1 at 1-2; Ex. B1 at 11 (information), 56-57 (jury verdict).[1] Washington proceeded to trial, presided over by Judge William L. Gary, and the jury found him guilty as charged. Ex. B1 at 56-57. Judge Gary adjudicated him guilty and sentenced him to life in prison. Ex. B1 at 58-66; Ex. B2 at 459-60. Washington filed a motion for a new trial, Ex. B1 at 74-79, which Judge Gary denied, *id*. at 84.

Washington appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D18-2216, and raised one point: "Whether the Trial Court erred when it excluded a defense witness who was familiar with the accuser's bizarre sexual conduct and advanced

---

[1] Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 10.

sexual knowledge." Ex. B3 at i; *see* Ex. B1 at 85 (Notice of Appeal); Ex. B3 (Initial Brief). The State filed an Answer Brief, Ex. B4, and Washington filed a Reply Brief, Ex. B5. On October 21, 2019, the court affirmed the case with a written opinion. Ex. B6; Washington v. State, 281 So. 3d 609 (Fla. 1st DCA 2019). The mandate issued November 12, 2019. Ex. B7. Washington evidently did not seek further review in the Florida Supreme Court or the U.S. Supreme Court. *See* ECF No. 1 at 3-4; ECF No. 10 at 2.

On February 28, 2020, Washington filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising two claims of trial court error and two claims ineffective assistance counsel (IAC). Ex. C1 at 3-15. By rendered March 12, 2020, the state post-conviction trial court, Judge J. Lee Marsh, summarily denied the two trial court error claims and dismissed the two IAC claims as facially insufficient, allowing Washington 60 days to amend those claims. *Id*. at 16-17. Washington did not file an amended motion and, by order rendered June 23, 2020, Judge Marsh denied post-conviction relief. *Id*. at 18.

Washington appealed the denial of post-conviction relief to the First DCA. Ex. C1 at 19. By order on August 18, 2020, the First DCA dismissed

the appeal, assigned case number 1D20-2062, for failure to comply with court orders. Ex. C3; *see* Ex. C2.

As indicated above, Washington filed this § 2254 petition on or about October 8, 2020. ECF No. 1. He raises four grounds, including one alleging IAC:

(1) **Trial Court Error** – The trial court erred in "[e]xcluding the testimony of defense witness Niya Hubbard";

(2) **IAC** – Defense counsel provided ineffective assistance as "[c]ounsel knew that the investigating detectives fabricated information to get an arrest warrant and did not bring it up at trial" and "[h]e never call[ed] to impeach the accuser after testifying under oath to different statements at trial, a CPT interview, and a deposition";

(3) **Trial Court Error** – The trial court erred in allowing the jury "to take the CPT interview video into the deliberating room" and the jury was "told to watch it as many time as they want, and to take as long as they need while in deliberation," so the "[a]ccuser's statements were the last thing the jurors heard"; and

(4) **Trial Court Error** – The "verdict [was] contrary to the weight of the evidence."

*Id*. at 9-15.

On February 18, 2021, Respondent filed a motion to dismiss the petition, with exhibits, asserting Washington's petition was timely filed but all

four of his grounds are unexhausted and procedurally defaulted.  *Id*. at 4.  ECF No. 10.  Petitioner Washington has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 7.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

Importantly, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the

merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, Petitioner did not exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A); see, e.g., Rose v. Lundy, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion."). The exhaustion analysis is set forth for each ground, *infra*.

## Ground 1:  Trial Court Error – Exclusion of Testimony

In his first ground, Petitioner Washington asserts the trial court erred in excluding the testimony of defense witness Niya Hubbard. ECF No. 1 at 9. Washington raised this claim in the state trial court, Ex. B2 at 331-53, the state appellate court, Ex. B3 at 20-23, and the state post-conviction trial court, Ex. C1 at 8-9. At no point, however, did he present this claim as a federal claim.

In particular, during the trial, the defense proffered the testimony of Niya Hubbard, who works for the Florida Department of Children and Families, for "the only purpose" of showing "this young child has apparently witnessed a sexual act, was able to describe sexual acts, and is displaying sexual behavior at the age of five," and "had an advanced sexual knowledge at the age of five commensurate with a teenager." Ex. B2 at 349. Defense counsel further explained, "I would only be using her for the very limited purpose of establishing sexual knowledge over a long time frame, which I think is relevant in this case, given the young age of the child and the jury's reasonable inference that a child may not know that." Id. Defense counsel asserted, "I believe it is necessary to present a fair and full defense." Id. at 353. At no point, however, did defense counsel reference any federal constitutional provision. *See id*. at 331-53. Similarly, in the direct appeal, Washington's initial brief cites only state case and statutory law, specifically section 90.803(23), Florida Statutes (2016). Ex. B3 at ii, 20-22; *see also* Washington, 281 So. 3d at 610-11 (holding, in direct appeal, that "[t]he trial court was correct that the evidence[, the testimony of Ms. Hubbard,] was remote and not related to the criminal charge" and "even were we to decide the evidence was relevant and not unduly prejudicial, any error in excluding the evidence was harmless" as "there is no reasonable possibility that the

exclusion of the proffered evidence affected the trial court's verdict" and "[t]he jury was informed that the victim possessed knowledge of sexual activity not normally known by a person her age").

Because Washington thus did not alert the state courts to the federal ground he now asserts, this ground was not fairly presented as a federal claim and is unexhausted. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so"); Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457-58 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim."); *see also* O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 278 (1971). It is procedurally defaulted because Washington cannot obtain another direct appeal. See O'Sullivan, 526 U.S. at 845. He has not alleged or shown cause for the default and actual prejudice, nor has he alleged or shown actual innocence or a fundamental miscarriage of justice. See id. at 848-49; *see, e.g.*, Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (explaining

cause and prejudice, and correction of fundamental miscarriage of justice); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of just exception is applicable.").

Moreover, as Respondent also points out, Washington has not asserted in this ground a claim upon which federal habeas relief may be granted. ECF No. 10 at 6. Washington raises a claim of state law error, specifically a state trial court evidentiary ruling. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); accord, e.g., McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). "Indeed, the general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence." Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983). "A state

evidentiary violation in and of itself does not support habeas corpus relief" and "[b]efore such relief may be granted, the violation must rise to the level of a denial of 'fundamental fairness.'" *Id*.; *see* Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir. 1992) ("We review state court evidentiary rulings on a petition for habeas corpus to determine only 'whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial.' . . . Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a 'crucial, critical, highly significant factor' in the [defendant's] conviction." (citations omitted)).

### Ground 2:  IAC – Failure to Investigate Detectives & Impeach Victim

In his second ground, Washington asserts his counsel provided ineffective assistance by not investigating the detectives, who he alleges "fabricated information to get an arrest warrant," and by not impeaching the victim with prior inconsistent statements.  ECF No. 1 at 11.  This ground is similar to the second claim Washington raised in his Rule 3.850 motion.  Ex. C1 at 9-10.

The state post-conviction court dismissed that claim with leave to amend and, after Washington did not amend his claim, the court denied relief.  Washington appealed, but the First DCA dismissed his appeal because he did not comply with that court's orders.  Thus, this claim is not

exhausted because Washington did not allow "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845, and it is procedurally defaulted, *see, e.g.,* Smith, 256 F.3d at 1138.

### Ground 3: Trial Court Error – CPT Video in Jury Deliberation Room

In his third ground, Washington asserts the trial court erred in allowing the jurors to take the video of the victim's CPT interview into the jury room during deliberations. ECF No. 1 at 13. He explains the jurors "were told to watch it as many times as they want, and to take as long as they need while in deliberation." *Id*. He asserts the "[a]ccuser's statements were the last thing the jurors heard." *Id*.

In particular, the record reflects that, approximately an hour after they began deliberating, the jury requested to watch the video. Ex. B2 at 452. The following transpired on the record:

> MS. NORRIS [prosecutor]: As far as watching the video, the State and the defense have agreed, if it's acceptable to the Court, to give them the CD, since it is redacted. My understanding is there is equipment in [the] jury room that they can use to watch it. That way, they can hear it better than the acoustics in here. If Your Honor remembers, it was hard to hear.

>    They can rewind, fast-forward.  It's entirely redacted the way that we did it in court.  That way we could let them do what they want to do with it in private.
>
>    MR. WHITLOCK [defense counsel]:  That's the most practical. They can watch it as many times as they want.
>
>    THE COURT:  That's fine, because when I first viewed it here, I had a problem with the sound.

*Id*. at 453.

As with Ground 1, *supra*, this is not a claim for which federal habeas relief may be granted as it appears based entirely on state law.  Even assuming this ground alleges a federal claim, Washington did not raise it in the state trial court or in his direct appeal.  *See* Ex. B2 at 452-55 (portion of trial transcript); Ex. B3 (Initial Brief).  Although he did raise this claim in his state post-conviction motion, he did not exhaust it as his appeal from the order denying relief was dismissed by the First DCA for his failure to comply with court orders, as explained in the analysis of Ground 2, *supra,* and it is likewise procedurally defaulted.

### Ground 4: Trial Court Error – Verdict Contrary to Weight of Evidence

In his fourth ground, Petitioner Washington asserts the trial court erred because the "verdict [was] contrary to the weight of the evidence."  ECF No. 1 at 15.  As with Grounds 1 and 3, *supra*, this claim is not one for which federal habeas relief may be granted as it is based entirely on state law.

Assuming this ground is cognizable in federal habeas, it is unexhausted. Although Washington's attorney did argue in the state trial court that the verdict was contrary to the weight of the evidence, he did not cite any federal law in support of that argument. *See* Ex. B1 at 74-75. Further, the direct appeal did not include a point challenging the trial court's denial of the motion for a new trial. *See* Ex. B3. Thus, the state courts did not have a "full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845.

Further, although the fourth ground of Washington's Rule 3.850 motion raised this claim, *see* Ex. C1 at 10-11, the state court denied the claim on state procedural grounds, because Rule 3.850 does not authorize relief based on grounds that could have been raised in the trial court, *see id*. at 16-17. Washington did not exhaust the claim because his appeal from the order denying relief was dismissed by the First DCA for his failure to comply with court orders, as explained in the analysis of Grounds 2 and 3, *supra*. Thus, this ground is procedurally defaulted as well.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 10, be **GRANTED**, and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise

entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 10) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2021.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv498-MW/MAF